
RECEIVED
JAN 1 8 2006
ROBERT _____ CLERK
WESTERN _____ 
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOHN MAYO | CIVIL ACTION NO. 05-0338 |
| VS. | JUDGE MELANÇON |
| CITY OF OPELOUSAS<br>LARRY CALLIER, Individually and<br>in his capacity as Chief Of Police for the<br>City of Opelousas<br>BRODIE ORTEGO, Individually and<br>in his capacity as an officer for the<br>City of Opelousas<br>RONALD OLMAN, Individually and<br>in his capacity as an officer for the<br>City of Opelousas<br>BRUCE ALSANDOR, Individually and<br>in his capacity as an officer for the<br>City of Opelousas<br>CHAD MONTGOMERY, Individually and<br>in his capacity as an officer for the<br>City of Opelousas | MAGISTRATE JUDGE METHVIN |

## ORDER

In this lawsuit, plaintiff has sued defendants Larry Callier, Brodie Ortego, Ronald Olman, Bruce Alsandor, and Chad Montgomery in their individual capacities. In their answer, the defendants plead qualified immunity. The undersigned is therefore required to conduct an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996). The Complaint provided by defendants when this case was removed, however, is illegible. Further, in the Rule 26(f) Report, plaintiff asserts that he may file a pleading, "stating unequivocally that no federal claim will be pursued." Thus, in order to

determine whether plaintiff meets the heightened pleading requirement, additional information is required. Considering the foregoing,

**IT IS ORDERED** that on or before **January 25, 2006**, defendants shall file a legible copy of the Petition for Damages filed by plaintiff in 27th Judicial District Court.

**IT IS FURTHER ORDERED** that on or before **February 8, 2006** the plaintiff shall file a Fed. R. Civ. P. 7(a) reply to the qualified immunity defense alleging with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable. In the event that plaintiff asserts that no constitutional violations occurred, and therefore this court does not have subject matter jurisdiction, plaintiff shall file for leave to file an amended complaint clarifying the lack of constitutional violations, and the appropriate motion to remand.

Signed at Lafayette, Louisiana on this 18th day of January, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140-phone   (337) 593-5155-Fax